Archie Herman BURKHALTER,
M.D., Appellant,

v.

## TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.

No. 03–95–00328–CV.

Court of Appeals of Texas,
Austin.

March 13, 1996.

R. Mayo Davidson, San Saba, for appellant.

Dan Morales, Attorney General, Jennifer Gilchrist, Assistant Attorney General, General Counsel Division, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

PER CURIAM.

The issue in this cause is whether a trial court had jurisdiction to review a denial of an application for reinstatement of an individual's medical license by the Texas State Board of Medical Examiners (the "Board").[1]  By

---

1. The current law provides that an application for reinstatement submitted to the Board after September 1, 1993, that is denied by the Board is subject to judicial review as provided by the Medical Practice Act, section 4.09.  See Tex.Rev. Civ.Stat.Ann. art. 4495b, § 4.10(c) (West Supp. 1996).  Because the reinstatement application at issue was filed with the Board before September

one point of error, appellant contends that the trial court erred by dismissing the cause for want of jurisdiction. We conclude that the trial court had no jurisdiction to review the Board's decision to ·deny reinstatement; we will affirm the trial court's order of dismissal.

## BACKGROUND

In 1985, the Board revoked appellant's license to practice medicine after he was convicted of attempted murder. In 1986, appellant was released from prison. After his release from prison, appellant submitted four applications for reinstatement of his medical license. The Board denied all four applications. Following the Board's denial of appellant's last application in August 1992, appellant filed this cause requesting the trial court to set aside the Board's 1985 revocation order and to reinstate his medical license. Alternatively, appellant requested the trial court to set aside the Board's denial of his 1991 application for reinstatement and order the Board to reinstate his license. Appellant argued that his license should be reinstated because section 4.10 of the Medical Practice Act, the medical license reinstatement provision, as it existed at the time, was unconstitutional because it made no provision for judicial review of a denial of reinstatement by the Board.[2]

The Board filed a plea to the jurisdiction contending that there was no statutory authority pursuant to which appellant could seek judicial review of the Board's denial of his reinstatement application. The Board argued that section 4.09 was the only statutory provision allowing for a judicial review of the Board's decision regarding an individual's license to practice medicine.[3] The Board contended that section 4.09 was inapplicable under the facts presented in this instance when the Board had revoked appellant's medical license several years before and what was now at issue was the Board's decision to deny appellant's application for reinstatement of his medical license. The Board asserted that a denial of an application for reinstatement was not an action by the Board that would constitute a cancellation, revocation, suspension, or otherwise disciplining of appellant's license pursuant to section 4.09.

Appellant agreed with the Board that no statutory authority expressly provided for judicial review of the Board's decision to deny reinstatement of a license to practice medicine. Appellant asserted, however, that to not allow judicial review of the denial of reinstatement would violate appellant's constitutional rights to due process and equal protection.

After considering the Board's plea to the jurisdiction, the trial court dismissed the cause for lack of jurisdiction.

1, 1993, we apply the earlier version of section 4.10 which made no provision for judicial review of the Board's denial of an application for reinstatement. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 974, § 9, 1983 Tex.Gen.Laws 5302.

2. Section 4.10 of the Medical Practice Act at the time relevant to the facts before us provided:
Upon application, the board may reissue a license to practice medicine to a person whose license has been canceled, revoked, or suspended, but the application, in the case of revocation, may not be made prior to one year after the revocation was issued or became final and must be made upon payment of the fees as established by the board and in the manner and form and under the conditions as the board may require. Further, the board may not reinstate or reissue a license to a person whose license has been canceled, revoked, or suspended because of a felony conviction under the Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statute), Chapter 425, Acts of the 56th Legis-

lature, Regular Session, 1959, as amended (Article 4476–14 Vernon's Texas Civil Statutes), or the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. Section 801 et seq. (Pub.Law 91–513), except on an express determination based on substantial evidence contained in an investigative report indicating that the reinstatement or reissue of the license is in the best interests of the public and of the person whose license has been canceled, revoked, or suspended.
Act of May 29, 1983, 68th Leg., R.S., ch. 974, § 9, 1983 Tex.Gen.Laws 5302.

3. Section 4.09 provides:
Any person whose license to practice medicine has been canceled, revoked, suspended, or otherwise disciplined by the board may, within 30 days after the decision complained of is final and appealable, take an appeal to one of the district courts of Travis County.
Tex.Rev.Civ.Stat.Ann. art. 4495b, § 4.09(a) (West Supp.1996).

## DISCUSSION

■ By his point of error, appellant contends that since no statutory provision existed at the time that would support the trial court's jurisdiction, the only way he may invoke the trial court's jurisdiction is to assert constitutional deficiencies. Appellant, therefore, contends that the trial court improperly dismissed his cause because, without a judicial review of the Board's denial of his application for reinstatement, his constitutional right to due process and equal protection are violated.

■ The right to appeal from an administrative order to the courts is not a natural or inherent one but is one that may be granted or withheld at the discretion of the Legislature. *Stanfield v. Texas Dep't of Public Safety,* 422 S.W.2d 14, 17 (Tex.Civ. App.—Dallas 1967, writ ref'd n.r.e.). Such rights do not exist unless specifically granted by the Legislature. *Id.* The Legislature may also prescribe for judicial review of administrative action and in such cases the method so prescribed must be followed in order to confer jurisdiction upon the court. *Id.* Due process does not require judicial review of an administrative decision. *Blair v. Texas Dept. of Human Services,* 837 S.W.2d 670, 671 (Tex.App.—Austin 1992, writ denied). Judicial intervention is only required when there is state deprivation or regulation of a fundamental interest, or some other statutory or common law basis for legal action exists. *Jack v. Jack,* 796 S.W.2d 543, 548 (Tex.App.—Dallas 1990, no writ). The right to practice medicine is a privilege and is not a natural right of individuals. Tex. Rev.Civ.Stat.Ann. art. 4495b, § 1.02(1) (West Supp.1996). Because no fundamental interest in the practice of medicine exists, judicial intervention in the administrative process is not required.

The Medical Practice Act provides that an individual may appeal a license revocation to a district court in Travis County within thirty days of the revocation order becoming final. *See* Tex.Rev.Civ.Stat.Ann. art. 4495b, § 4.09 (West Supp.1996). Because appellant in 1985 did not appeal the Board's license revocation within thirty days, his complaint regarding the order revoking his license to practice medicine was not timely sought and the revocation remains effective. Appellant's failure to timely seek judicial review under the statutory opportunities bars his untimely complaints from being heard. *See Texas Alcoholic Beverage Commission v. Sfair,* 786 S.W.2d 26, 28 (Tex.App.—San Antonio 1990, writ denied). No jurisdiction could thereafter be conferred upon a court to review his license revocation. We conclude that any property interest, associated due process rights, or equal protection rights appellant had associated with his license were terminated in 1985 when appellant did not timely object to the revocation. Since appellant's license has been revoked, we cannot say that substantive due process rights attach to nonexistent property. *See Pickell v. Brooks,* 846 S.W.2d 421, 426 (Tex.App.—Austin 1992, writ denied) (due process only protects what belongs to a person).

We conclude that based upon these principles, appellant is not entitled to judicial review of the Board's August 1992 denial of his application for reinstatement of his license to practice medicine. We note that an applicant for reinstatement of a medical license may seek judicial review of the Board's denial of an application filed after August 31, 1993. *See* Tex.Rev.Civ.Stat.Ann. art. 4495b, § 4.10(c) (West Supp.1996) (Section 4.10 now provides judicial review of Board's denial of application for reinstatement using substantial evidence rule as provided in Administrative Procedure Act). We overrule appellant's point of error.

## CONCLUSION

We affirm the trial court's order dismissing the cause for lack of jurisdiction.