# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00521-CV

**Texas Health and Human Services Commission, Appellant**

**v.**

**Anna Lisa Guajardo, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-09-001080, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, the Texas Health and Human Services Commission challenges the trial court's denial of the Commission's plea to the jurisdiction based upon sovereign immunity. Appellee Anna Lisa Guajardo brought suit after her employment with the Department of Aging and Disability Services was terminated for neglect of a resident at a state school. She challenges the Commission's internal employee grievance procedure in which an administrative law judge from the appeals division of the Commission sustained the termination of her employment after a hearing. Because we conclude that sovereign immunity bars Guajardo's claims, we reverse the trial court's order and dismiss this cause for lack of subject matter jurisdiction.

## BACKGROUND

Guajardo was employed by the Department of Aging and Disability Services at the Corpus Christi State School. Her employment was terminated for allegedly neglecting a resident by

failing to ensure that the resident could not remove a nasal gastric tube attached to the resident. *See* 40 Tex. Admin. Code § 7.504 (2008) (Dep't of Aging and Disability Servs., Prohibition and Definitions of Abuse, Neglect, and Exploitation). During the time that she was supervising the resident, he allegedly extracted the tube from his stomach by pulling the device out from his stomach through his nostrils.

Guajardo initiated a grievance pursuant to chapter 13 of the HHS Human Resources Manual challenging the termination of her employment.[1] Chapter 13 provides that most full-time, regular status employees of agencies within the HHS system have the right to file a grievance if they have disciplinary action taken against them by their agency. The chapter describes the "recourse employees have when disciplinary actions are taken, the procedures for filing a grievance, and the grievance process." Pursuant to the procedure set forth in the chapter, properly filed grievances are referred to an administrative law judge from the Commission's appeals division for a hearing and, at the hearing, formal rules of evidence do not apply, hearsay evidence may be accepted, and section (f) of chapter 13 expressly provides that the decision of the administrative law judge is "final and binding on the parties."

Pursuant to the chapter 13 procedure, Guajardo's grievance was referred to a hearing before an administrative law judge from the appeals division. Guajardo appeared at the hearing and was represented by counsel. After the hearing, the administrative law judge sustained the termination of Guajardo's employment. In his order sustaining the termination, the administrative

---

[1] The Commission has authority over and responsibility for personnel and employment policies of the Department of Aging and Disability Services, an agency within the HHS system. *See* Tex. Gov't Code Ann. §§ 531.001(4)(L), .0055(e)-(f) (West 2004).

law judge made findings of fact and conclusions of law. His conclusions of law included that (i) Guajardo "was negligent in her care of the Resident," (ii) the manual provides that an act of neglect by an employee "may result in . . . dismissal from employment," (iii) dismissal for neglect was within the range of disciplinary actions authorized by the rules, *see* 40 Tex. Admin. Code § 7.512 (2008) (Dep't of Aging and Disability Servs., Classifications and Disciplinary Actions), and (iv) because Guajardo "neglected Resident," that the "facility acted within the scope of the rules when it terminated [her] employment at the facility."

Guajardo thereafter filed this suit against the Commission, citing sections 2001.038 and 2001.171 of the government code to support the trial court's jurisdiction. *See* Tex. Gov't Code Ann. §§ 2001.038, .171 (West 2008). Although she did not cite the Uniform Declaratory Judgments Act (UDJA), she sought declarations that (i) hearsay evidence was impermissibly accepted at her grievance hearing, (ii) she is entitled to appeal the decision pursuant to section 2001.171 or that she has the right to appeal her decision to Travis County district court, (iii) alternatively, the denial of appeal in this case violates her right to due process, and (iv) the Commission exercises undue influence on administrative law judges in disciplinary grievance hearings. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.009 (West 2008). Guajardo alleged that employees of state agencies have a vested property interest in their employment and that a state agency cannot "override" in its human resources manual the right to judicial review found in section 2001.171. *See* Tex. Gov't Code Ann. § 2001.171. She also sought reinstatement and lost wages and an order nullifying the finding of neglect.

The Commission answered and filed a plea to the jurisdiction based upon sovereign immunity. In its plea, the Commission asserted that Guajardo cannot recover money damages from the Commission, that the administrative procedure act does not provide a jurisdictional basis for her claims because her claims are expressly excepted under section 2001.222 of the APA, *see id*. § 2001.222 (West 2008), and, to the extent Guajardo brought her claims pursuant to the UDJA, that it does not provide a basis for jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.009. The Commission also asserted that, even if Guajardo pleaded a declaratory judgment action that falls outside the Commission's sovereign immunity from suit, a state entity like the Commission is not a proper party to such a claim. The Commission filed evidence to support its plea, including an affidavit from counsel for the Commission with attachments of excerpts from the HHS Human Resources Manual and the order sustaining Guajardo's termination and an affidavit from the director of the appeals division with the Commission. The director averred that Guajardo's disciplinary grievance was processed and the hearing conducted pursuant to the procedure set forth in chapter 13 of the manual. Guajardo responded to the Commission's plea, and the Commission filed a reply, further addressing the UDJA as a basis for jurisdiction.[2]

After a hearing, the trial court denied the plea. Guajardo thereafter amended her petition. In her amended petition, she asserts jurisdiction pursuant to sections 2001.038 and 2001.171 of the APA and the UDJA. She alleged substantially similar facts and requested the

---

[2] Although Guajardo's response to the plea to the jurisdiction is not in the record, according to the Commission's reply, Guajardo asserted that the UDJA also provided a right to judicial review of her claims. The record reflects that the trial court was provided with a copy of her response at the hearing on the Commission's plea to the jurisdiction.

same declarations as she requested in her original petition except that she amended the declaration concerning undue influence on administrative law judges to also include "illegal influence." She also deleted her request for "reinstatement and lost wages." A few days after Guajardo amended her petition, the Commission brought this interlocutory appeal of the trial court's order denying the Commission's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008).

## DISCUSSION

In three issues, the Commission complains that the trial court erred in denying the plea to the jurisdiction. The Commission contends that (i) section 2001.222 of the APA bars Guajardo from seeking judicial review of her pleaded claims under the APA, (ii) section 2001.222, coupled with the State's sovereign immunity to suit, also precludes Guajardo's claims under the UDJA, and (iii) Guajardo may not maintain a due process claim directly against the Commission and she cannot replead this claim because the facts affirmatively pleaded by her demonstrate that she received due process.

### *Standard of Review*

We review the trial court's ruling on a plea to the jurisdiction *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is a dilatory plea that contests the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts

5

to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. To make this determination we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true. *Id.* Where the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiff should be given an opportunity to amend. *Id.* at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

In determining a plea to the jurisdiction, the trial court may consider the pleadings and any evidence pertinent to the jurisdictional inquiry. *See Blue*, 34 S.W.3d at 555 (noting that a court deciding a plea to the jurisdiction must look at the evidence when necessary to resolve jurisdictional issues). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court correctly denies the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 227-28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court should rule on the plea to the jurisdiction as a matter of law. *Id*. at 228.

We also review issues of statutory construction *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). "In construing statutes, our primary objective is to give effect to the Legislature's intent as expressed in the statute's language." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative

6

definition or is apparent from the context, or the plain meaning leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008).

### *Does the APA provide a jurisdictional basis for Guajardo's claims?*

In its first issue, the Commission argues that the APA does not provide a jurisdictional basis for Guajardo's claims because judicial review of the Commission's internal employee grievance procedures is expressly excluded under section 2001.222 of the APA. *See* Tex. Gov't Code Ann. § 2001.222.

Texas law is well established that absent an express waiver of its sovereign immunity, the State and its agencies are generally immune from suit. *See State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Miranda*, 133 S.W.3d at 224; *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855-56 (Tex. 2002). As a general rule, "[t]here is no right to judicial review of an administrative order unless a statute explicitly provides that right or the order violates a constitutional right." *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007); *see also Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 172 (Tex. 2004) ("In Texas, a person may obtain judicial review of an administrative action only if a statute provides a right to judicial review, or the action adversely affects a vested property right or otherwise violates a constitutional right." (citation omitted)); *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex. 2001).

In her original petition, Guajardo did not assert jurisdiction based upon an enabling statute of the Commission. She pleaded that the APA—specifically sections 2001.038 and 2001.171—provides a right to judicial review of her claims. *See* Tex. Gov't Code Ann. §§ 2001.038,

.171. Section 2001.038(a) provides that the "validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." *Id*. § 2001.038(a). Section 2001.171 provides: "A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." *Id*. § 2001.171.

When an "agency's enabling statute neither specifically authorizes nor prohibits judicial review," the APA may provide an independent right to judicial review from contested case hearings under section 2001.171, and "section 2001.171 provides a limited waiver of sovereign immunity." *See Mega Child Care*, 145 S.W.3d at 173, 198-99. In *Mega Child Care*, the supreme court held that the administrative decision to revoke a child-care facility license was subject to judicial review pursuant to section 2001.171 where the applicable section of the human resources code governing revocations of child-care facility licenses was "currently silent with regard to the availability of judicial review." *Id*. The supreme court, however, also recognized and analyzed the legislature's express "exceptions" to the APA. *Id*. at 197; Tex. Gov't Code Ann. §§ 2001.221-.226 (West 2008 & Supp. 2010) (titled "Exceptions"). The enumerated exceptions exclude certain governmental agencies and particular administrative decisions from all or part of the APA. *See generally* Tex. Gov't Code Ann. §§ 2001.221-.226. By way of example, the supreme court in *Mega Child Care* specifically analyzed section 2001.226, concluding that the section excludes from the scope of the APA "'a rule or internal procedure of the Texas Department of Criminal Justice or Texas Board of Criminal Justice that applies to an inmate or any other person under the custody or

control of the department or to an action taken under that rule or procedure.'" *See* 145 S.W.3d at 197 (quoting Tex. Gov't Code Ann. § 2001.226 (West 2008)).

This Court also has held that section 2001.226 barred judicial review under the APA of an inmate's rule challenge. *See Bohannan v. Texas Board of Criminal Justice*, 942 S.W.2d 113, 117 (Tex. App.—Austin 1997, writ denied); *see also Harrison v. Texas Dep't of Criminal Justice*, 164 S.W.3d 871, 876 (Tex. App.—Corpus Christi 2005, no pet.) (section 2001.226 "expressly bars" judicial review of inmate's challenge to administrative disciplinary decision). In *Bohannan*, an inmate brought an APA declaratory judgment action against the department and board of criminal justice challenging rules concerning treatment of "good conduct time." 942 S.W.2d at 115, 117. This Court found that the inmate could not maintain his APA claim because section 2001.226 specifically excepts from the scope of the APA any "'rule or internal procedure of the Texas Board of Criminal Justice that applies to any inmate.'" *See id.* at 117 (quoting Tex. Gov't Code Ann. § 2001.226). This Court found that this statutory exception "effectively precludes [the inmate]'s challenge to the substance of the [good conduct time] rule under section 2001.038 and whatever procedural defects may have occurred under the APA." *Id*.

The exception set forth in section 2001.222 is analogous to that in section 2001.226. Section 2001.222, titled "State Agency Personnel Rules and Practices," expressly excludes from the scope of the APA "matters related solely to the internal personnel rules and practices of a state agency." Tex. Gov't Code Ann. § 2001.222. The administrative rules of the Department of Aging and Disability Services also are consistent with section 2001.222. Under its rules, a contested case is defined as "[a] proceeding granted by statute for which procedures are not otherwise provided for

9

in applicable department rules, including rate making or licensing proceedings, in which the legal rights, duties, or privileges of a party are to be determined by the department after an opportunity for an adjudicated hearing, except in matters related solely to the internal personnel policies and procedures of the department." *See* 40 Tex. Admin. Code § 1.153(5) (2008) (Dep't of Aging and Disability Servs., Definitions).

Guajardo's claims solely challenge the internal procedure provided to Commission agency employees pursuant to chapter 13 of the HHS Human Resources Manual: She pleaded that hearsay evidence was improperly accepted at the grievance hearing, that the Commission exercises undue influence on administrative law judges, and that she has the right to judicial review of the administrative law judge's decision. The Commission's undisputed evidence shows that the employee grievance procedure from which Guajardo's claims arise—chapter 13—provides that a properly filed grievance will be referred to an administrative law judge in the Commission's appeals division, that hearsay evidence may be admitted at a grievance hearing, and that the administrative law judge's decision is "final and binding on the parties." Guajardo's claims then fall squarely within the plain meaning of "matters related solely to the internal personnel rules and practices of a state agency." *See* Tex. Gov't Code Ann. § 2001.222; *City of Rockwall*, 246 S.W.3d at 625-26.

Because her pleaded claims fall within the plain meaning of section 2001.222, we conclude that the APA—under either section 2001.171 or 2001.038—does not provide a jurisdictional basis for her claims. We sustain the Commission's first issue.

10

***Does the UDJA provide a jurisdictional basis for Guajardo's claims?***

In its second issue, the Commission contends that Guajardo cannot circumvent section 2001.222 of the APA by bringing her claims pursuant to the UDJA. Although Guajardo did not expressly cite the UDJA in her original petition, she sought declaratory relief. *See Miranda*, 133 S.W.3d at 226 (pleadings construed liberally in favor of jurisdiction). The Commission also addressed the UDJA in its plea to the jurisdiction. We, therefore, address this additional statutory basis for jurisdiction.

The UDJA does not enlarge jurisdiction, and a request for declaratory relief does not change a suit's underlying nature. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370-71 (Tex. 2009). Further, the UDJA cannot be used to circumvent the State's sovereign immunity to challenge agency orders from which the legislature has not granted a right of judicial review. *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515 (Tex. App.—Austin 2010, no pet.); *see Bohannan*, 942 S.W.2d at 117 (section 2001.226 may not be sidestepped by casting challenge to rule as UDJA claim). Given our conclusion that Guajardo's claims fall within the plain meaning of "matters related solely to the internal personnel rules and practices of a state agency" in section 2001.222 of the APA, we conclude that Guajardo may not circumvent this prohibition by casting her claims as UDJA claims. *See* Tex. Gov't Code Ann. § 2001.222; *Heinrich*, 284 S.W.3d at 370-71; *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 515; *Bohannan*, 942 S.W.2d at 117.

We also note that Guajardo amended her petition after the trial court's order denying the Commission's plea to the jurisdiction but before the Commission filed its notice of appeal. In her

amended petition, Guajardo specifically cites the UDJA, but she alleges substantially the same facts and requested declaratory relief as in her original petition. She also has not asserted any manner in which she would replead to cure the jurisdictional defects. She then has already had an opportunity to amend to cure the jurisdictional defects raised by the Commission's plea. *See Texas Tech Univ. Heath Sciences Ctr. v. Ward*, 280 S.W.3d 345, 357 (Tex. App.—Amarillo 2008, pet. denied) ("Practically speaking, [plaintiffs] have already had an opportunity to replead to no avail."; plaintiffs filed amended petition after hearing on plea to jurisdiction); *Wise Reg'l Health Sys. v. Brittain*, 268 S.W.3d 799, 811 (Tex. App.—Fort Worth 2008, no pet.) ("But, as a practical matter, [plaintiff] has already had the opportunity to re-plead. [Plaintiff]'s supplement to her third amended petition clearly was an attempt to re-plead to cure the jurisdictional defects raised by the plea to the jurisdiction. Therefore, she does not need, nor is she entitled to, another opportunity to re-plead.").

Because we conclude that the UDJA does not provide a jurisdictional basis for Guajardo's claims and that providing Guajardo with an opportunity to replead would serve no purpose, we sustain the Commission's second issue.

***Did the trial court have jurisdiction to consider Guajardo's due process claims?***

In its third issue, the Commission contends that the trial court did not have jurisdiction to consider Guajardo's due process claims. The Commission asserts that, to the extent Guajardo's pleadings include an assertion that the rules and procedures in chapter 13 of the manual violated her due process rights, no such claim may be brought directly against the Commission and that Guajardo cannot replead these claims because the facts affirmatively pleaded by Guajardo demonstrate that she received due process. In her original petition, Guajardo alleged that she participated in the internal

12

disciplinary grievance procedure set forth in chapter 13 of the HHS Human Resources Manual—that she "properly initiated a grievance by way of a statement" and "appeared at the hearing in person and by her attorney"—but that her due process rights were violated when hearsay evidence was admitted at the hearing before the administrative law judge and because chapter 13's disciplinary grievance procedure did not provide for judicial review of the administrative law judge's final order.

Suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity. *Heinrich*, 284 S.W.3d at 372. To fall within the *ultra vires* exception to sovereign immunity, a suit "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id*. (citations omitted). "Thus, *ultra vires* suits do not attempt to exert control over the state—they attempt to reassert the control of the state. Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy." *Id*. An *ultra vires* claim, however, cannot be brought directly against the state agency but must be brought against the relevant government actor in his official capacity. *Id.* at 373. Because Guajardo brought suit only against the Commission, the trial court did not have jurisdiction to consider her due process claims. *See id*.

And, although Guajardo contends otherwise, her continued public employment is not a protected property interest. *See Haynes v. City of Beaumont*, 35 S.W.3d 166, 179-80 (Tex. App.—Texarkana 2000, no pet.) (existence of grievance procedures alone does not create substantive property rights or alter an employee's at-will status); *Byars v. City of Austin*, 910 S.W.2d 520, 524 (Tex. App.—Austin 1995, writ denied) (concluding that city charter and personnel policy manual outlining grievance procedures did not create protected property interest in continued public

13

employment); *see also County of Dallas v. Wiland*, 216 S.W.3d 344, 353-54 (Tex. 2007) (entitlement to procedure alone does not create protected property interest).

Moreover, the Commission's undisputed evidence showed that Guajardo participated and the Commission followed the internal grievance procedure set forth in chapter 13 of the manual. Chapter 13 expressly allows the admission of hearsay evidence at a hearing concerning a grievance by an employee and provides that the decision of the administrative law judge is "final and binding on the parties." Guajardo further had notice and an opportunity at the hearing to submit evidence and argument as to why her employment should not have been terminated. Due process does not require judicial review of the administrative decision or preclude the admission of hearsay evidence in this context. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that due process is flexible and requires only those procedural protections demanded by particular circumstances); *State v. Crank,* 666 S.W.2d 91, 94 (Tex. 1994) ("[U]ltimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play."); *Burkhalter v. Texas State Bd. of Med. Exam'rs*, 918 S.W.2d 1, 3 (Tex. App.—Austin 1996, no writ) (right to appeal from an administrative order one that may be granted or withheld at the discretion of the legislature; "Due process does not require judicial review of an administrative decision.").

We conclude that the facts affirmatively pleaded by Guajardo, coupled with the Commission's undisputed jurisdictional evidence, negate the existence of the trial court's

jurisdiction to consider her due process claims. *Miranda*, 133 S.W.3d at 227. We sustain the Commission's third issue.

## CONCLUSION

Having concluded that sovereign immunity bars Guajardo's claims against the Commission, we reverse the trial court's order denying the Commission's plea to the jurisdiction and dismiss this cause for lack of subject matter jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Dismissed

Filed:   December 14, 2010

15