# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00210-CV

**Texas Medical Board and, in their Official Capacities Only; Irvin E. Zeitler, Jr., D.O.; President, Marl Robinson; Executive Director, Michael Arambula, M.D., Pharm.D.; James Scott Holliday, D.O.; and Carlos L. Gallardo, Members of the Board, Appellants**

**v.**

**Benjamin Wiseman, M.D., Appellee**

## NO. 03-13-00291-CV

**Benjamin Wiseman, M.D., Appellant**

**v.**

**Texas Medical Board and, in their Official Capacities Only; Irvin E. Zeitler, Jr., D.O.; President, Marl Robinson; Executive Director, Michael Arambula, M.D., Pharm.D.; James Scott Holliday, D.O.; and Carlos L. Gallardo, Members of the Board, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-13-000015, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a complaint from the Drug Enforcement Agency alleging that several pain management clinics owned, operated, or supervised by Benjamin Wiseman, M.D., were illegally prescribing controlled substances, the Texas Medical Board held a hearing and determined that Wiseman's clinics were violating rules related to controlled substances and had violated state law,

including the Medical Practice Act (the Act). *See* Tex. Occ. Code §§ 151.001-168.202. The Board further determined that Wiseman's continuing practice of medicine posed a threat to public welfare, a danger to his patients, and an imminent peril to public health and safety. The Board issued an order of temporary suspension pursuant to section 164.059 of the Act and section 187.56 of the Texas Administrative Code, suspending Wiseman's medical license for an indefinite period of time, "until it is superseded by an Order of the Board." *See id.* § 164.059; 22 Tex. Admin. Code § 187.56 (Tex. Med. Bd., Convening a Disciplinary Panel).[1] Wiseman sought judicial review of that order.[2]

In his suit for judicial review, Wiseman argued that the Board applied an improper standard in deciding whether to suspend his license, that the suspension order was not supported by substantial evidence, that his due process rights had been violated by the Board's procedures, and that the suspension was arbitrary and capricious. The Board responded with a plea to the jurisdiction, asserting, among other arguments, that the suspension order was not a final and appealable order under Board rules or the Texas Administrative Procedure Act (APA), *see* Tex. Gov't Code §§ 2001.001-.902, and that the Board had exclusive jurisdiction over the dispute because it had not yet made a final conclusion. The trial court issued a temporary injunction, from

---

[1] All references to the administrative code are to provisions governing the Board. Therefore, we will hereafter omit the agency from citations, including only the rule's subject heading.

[2] Wiseman also named as additional parties the Board's president, Irvin E. Zeitler, Jr., D.O., its executive director, Marl Robinson, and members Michael Arambula, M.D., Pharm.D., James Scott Holliday, D.O., and Carlos L. Gallardo, Members of the Board, in their official capacities, and sought declaratory and injunctive relief from the Board's temporary order. However, the underlying substance of Wiseman's declaratory and injunctive claims is identical to that of his judicial-review claim, and Wiseman does not assert that those additional claims conferred jurisdiction upon the trial court independent from its exercise of jurisdiction over his judicial-review claim. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)

2

which the Board filed an interlocutory appeal (cause number 03-13-00210-CV). One month later, the court signed an order granting the Board's plea to the jurisdiction and dismissing Wiseman's suit, and Wiseman appealed (cause number 03-13-00291-CV). We will dismiss the Board's appeal as moot and will affirm the trial court's dismissal of Wiseman's suit for judicial review.

## Statutory Framework

As we have long observed, the right to judicial review of an administrative order, absent some sort of constitutional deprivation, "is not a natural or inherent one but is one that may be granted or withheld at the discretion of the Legislature." *Burkhalter v. Texas State Bd. of Med. Exam'rs*, 918 S.W.2d 1, 3 (Tex. App.—Austin 1996, no writ). Further, "[t]he right to practice medicine is a privilege and is not a natural right," and the legislature may set out limits on and procedures required in seeking judicial review of an administrative action related to a medical license. *Id.* Thus, we must turn to the provisions of the Act to determine whether Wiseman has the right to judicial review of the order temporarily suspending his medical license.

Under the Act, the Board must appoint a three-member disciplinary panel to examine allegations that might support the temporary suspension of a medical license.[3] *See* Tex. Occ. Code § 164.059(a). If the panel determines that the doctor's continuing practice would "constitute a continuing threat to the public welfare," the panel shall temporarily suspend the doctor's license and may do so without a hearing. *Id.* § 164.059(b), (c); *see also id.* § 164.004(a)

---

[3] The Act addresses the temporary "suspension or restriction" of a medical license. *See* Tex. Occ. Code §§ 164.059, .0595. Because the action at issue here is the temporary suspension of Wiseman's license, for brevity, we will simply use the term "suspension."

3

(temporary suspensions exempt from due process requirements of notice and opportunity to show compliance with governing laws). If the license is suspended without a hearing, the matter must be set for a hearing by a disciplinary panel at the earliest possible date after providing ten days' notice. *Id.* § 164.059(c). If after the hearing the panel affirms the suspension, the Board must schedule an informal show compliance meeting (ISC) as soon as practicable in accordance with section 164.004 of the Act and section 2001.054(c) of the APA. *Id.* § 164.059(e); 22 Tex. Admin. Code § 187.61(c) (Ancillary Proceeding); *see also* Tex. Occ. Code § 164.004 (due process compliance in disciplinary proceedings); Tex. Gov't Code § 2001.054(c) (license revocation or suspension is not effective unless licensee gets proper notice and is allowed opportunity to show why license should be retained). If at the ISC the doctor cannot show compliance with the issues made the basis for the suspension, the Board shall file a formal complaint and shall notify the State Office of Administrative Hearings (SOAH) of the complaint. Tex. Occ. Code §§ 164.005 (titled, "Initiation of Charges; Formal Complaint"), .059(f); 22 Tex. Admin. Code § 187.61(d) (if dispute not resolved at ISC, formal complaint shall be filed with SOAH as soon as practicable).

A formal complaint under section 164.005 is a written statement alleging that a person committed an act that "could affect the legal rights or privileges of a license holder or other person under the [B]oard's jurisdiction." Tex. Occ. Code § 164.005(a). Once a formal complaint is filed, a formal hearing is conducted by an administrative law judge employed by SOAH, and after the hearing, the Board "shall dispose of the contested case by issuing a final order based on the administrative law judge's findings of fact and conclusions of law." *Id.* § 164.007(a). A doctor whose medical license is revoked or who is "subject to other disciplinary action" by the Board may appeal to the trial court within thirty days after the date the Board's decision is final. *Id.* § 164.009.

4

## Discussion

"A temporary suspension or restriction proceeding is ancillary to a disciplinary proceeding concerning the licensee's alleged violation(s) of the Act." 22 Tex. Admin. Code § 187.61(a). In addition to that explicit directive, the framework of the Act and the Board's rules make it plain that a temporary suspension proceeding is not a contested case subject to the APA.[4]

A temporary suspension order may be issued without holding a hearing, and if such an order is affirmed by a disciplinary panel after a hearing, the matter then proceeds first to an ISC before moving onto SOAH's contested case docket. *See* Tex. Occ. Code §§ 164.005 (filing of formal complaint), .007 (formal hearing of contested case conducted by SOAH), .059(c) (temporary suspension may be ordered without notice or hearing), (e) (ISC must be scheduled if suspension affirmed following hearing), (f) (formal complaint under section 164.005 must be filed if doctor does not show compliance at ISC); 22 Tex. Admin. Code §§ 187.58(a) (Procedures before the Disciplinary Panel) (temporary suspension proceeding exempted from APA's notice requirement in licensing cases), .61(a), (d) (temporary suspension proceeding is ancillary to disciplinary proceeding; if ISC does not resolve matter, formal complaint is filed with SOAH).[5] And, the Act explicitly

---

[4] A contested case as defined by the APA as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." Tex. Gov't Code § 2001.003(1). The Board's rules define a contested case as "[a] proceeding, including but not restricted to licensing, in which the legal rights, duties, or privileges of a party are to be determined by the board after an opportunity for an administrative hearing *to be held at SOAH*." 22 Tex. Admin. Code § 187.2(14) (Definitions) (emphasis added).

[5] *Compare* 22 Tex. Admin. Code §§ 187.10-.21 (Subchapter B, Informal Board Proceedings) and §§ 187.55-.62 (Subchapter F, Temporary Suspension and Restriction Proceedings), *with id.* §§ 187.22-.33 (Subchapter C, Formal Board Proceedings at SOAH) and §§ 187.35-.42 (Subchapter D, Formal Board Proceedings).

5

exempts a temporary suspension under section 164.059 from due process requirements such as notice and an opportunity to show compliance with the law. Tex. Occ. Code § 164.004(a).

Further, although section 164.009 states that a doctor may appeal from "other disciplinary action," "disciplinary action" is not defined in the Act. *See id.* § 164.009. However, "disciplinary order" is defined as "an action taken under Section 164.001, 164.053, 164.058, or 164.101." *Id.* § 151.002(3).[6] Section 151.002's definition of "disciplinary order" does not mention section 164.059 or temporary suspension orders, which further supports our conclusion that temporary suspensions under section 164.059 are not "disciplinary orders" or "disciplinary actions" subject to judicial review. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012) (courts presume "the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact").

**Conclusion**

We have concluded that a temporary suspension order is not a final, appealable order, regardless of the fact that the language used in this particular order seems to invoke section 2001.144(3) of the APA.[7] *See* Tex. Gov't Code § 2001.144(3) (decision in contested case is final

---

[6] *See* Tex. Occ. Code §§ 164.001 (titled, "Disciplinary Authority of Board; Methods of Discipline") (if Board finds doctor has violated Act or Board rule or "for any cause for which the [B]oard may refuse to admit a person to its examination or to issue or renew a license," Board shall revoke or suspend license, place doctor on probation, or reprimand doctor; does not include orders of temporary suspension or restriction), .053 (defining unprofessional or dishonorable conduct), .058 (suspension of license while doctor is incarcerated), .101 (governing license probation).

[7] To temporarily suspend a license under the Act, the disciplinary panel must determine that the doctor's continued practice constitutes a "continuing threat to the public welfare." Tex. Occ. Code § 164.059(b); 22 Tex. Admin. Code § 187.57(b) (Charge of the Disciplinary Panel) (in temporary suspension or restriction proceeding, if panel determines that doctor's continuing practice

6

on date decision is rendered if state agency "finds that an imminent peril to the public health, safety, or welfare requires immediate effect of [the] decision or order"). We therefore affirm the trial court's granting of the Board's plea to the jurisdiction and dismissal of Wiseman's petition for judicial review.

As for the Board's appeal, all issues related to the trial court's issuance of a temporary injunction, which was to last for only 120 days, became moot when the court entered its final judgment. *See Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991). We therefore dismiss as moot the Board's appeal in cause number 03-13-00210-CV.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

NO. 03-13-00291-CV  Affirmed
NO. 03-13-00210-CV  Dismissed as Moot

Filed:   October 3, 2014

_____

poses continuing threat to public welfare, panel shall temporarily suspend or restrict license). That language is similar to the finding in this order that an imminent peril to public health, safety, or welfare required the order's immediate effect. *See* 22 Tex. Admin. Code § 187.62 (Continuing Threat Constitutes A Danger to the Public) (Board's decision to suspend or restrict license may not be enjoined if doctor's continued practice presents danger to public, and "determination that a licensee's continuation in practice would constitute a continuing threat to the public welfare shall be deemed to be a finding that the license holder's continued practice presents a danger to the public"); *see also id.* § 187.58(a) (Procedures before the Disciplinary Panel) (section 164.004 exempts temporary suspension from notice and hearing requirements of APA § 2001.054(c)).

7