# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-13-00210-CV

**Texas Medical Board and, in their Official Capacities Only; Irvin E. Zeitler, Jr., D.O.; President, Marl Robinson; Executive Director, Michael Arambula, M.D., Pharm.D.; James Scott Holliday, D.O.; and Carlos L. Gallardo, Members of the Board, Appellants**

v.

**Benjamin Wiseman, M.D., Appellee**

## NO. 03-13-00291-CV

**Benjamin Wiseman, M.D., Appellant**

v.

**Texas Medical Board and, in their Official Capacities Only; Irvin E. Zeitler, Jr., D.O.; President, Marl Robinson; Executive Director, Michael Arambula, M.D., Pharm.D.; James Scott Holliday, D.O.; and Carlos L. Gallardo, Members of the Board, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-13-000015, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Our opinion and judgment dated October 3, 2014, are withdrawn, and this opinion

is substituted in their place. We overrule Benjamin Wiseman, M.D.'s motion for rehearing.

Following a complaint from the Drug Enforcement Agency alleging that several pain management clinics owned, operated, or supervised by Wiseman were illegally prescribing controlled substances, the Texas Medical Board held a hearing and determined that Wiseman's clinics were violating rules related to controlled substances and had violated state law, including the Medical Practice Act (the Act). *See* Tex. Occ. Code §§ 151.001-168.202. The Board further determined that Wiseman's continuing practice of medicine posed a threat to public welfare, a danger to his patients, and an imminent peril to public health and safety. The Board issued an order of temporary suspension pursuant to section 164.059 of the Act and section 187.56 of the Texas Administrative Code, suspending Wiseman's medical license for an indefinite period of time, "until it is superseded by an Order of the Board." *See id.* § 164.059; 22 Tex. Admin. Code § 187.56 (Tex. Med. Bd., Convening a Disciplinary Panel).[1] Wiseman sought judicial review of that order.[2]

In his suit for judicial review, Wiseman argued that the Board applied an improper standard in deciding whether to suspend his license, that the suspension order was not supported by substantial evidence, that his due process rights had been violated by the Board's procedures, and that the suspension was arbitrary and capricious. The Board responded with a plea to the

---

[1] All references to the administrative code are to provisions governing the Board. Therefore, we will hereafter omit the agency from citations, including only the rule's subject heading.

[2] Wiseman also named as additional parties the Board's president, Irvin E. Zeitler, Jr., D.O., its executive director, Marl Robinson, and members Michael Arambula, M.D., Pharm.D., James Scott Holliday, D.O., and Carlos L. Gallardo, Members of the Board, in their official capacities, and sought declaratory and injunctive relief from the Board's temporary order. However, the underlying substance of Wiseman's declaratory and injunctive claims is identical to that of his judicial-review claim, and Wiseman does not assert that those additional claims conferred jurisdiction upon the trial court independent from its exercise of jurisdiction over his judicial-review claim. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

jurisdiction, asserting, among other arguments, that the suspension order was not a final and appealable order under Board rules or the Texas Administrative Procedure Act (APA), *see* Tex. Gov't Code §§ 2001.001-.902, and that the Board had exclusive jurisdiction over the dispute because it had not yet made a final conclusion. The trial court issued a temporary injunction, from which the Board filed an interlocutory appeal (cause number 03-13-00210-CV). One month later, the court signed an order granting the Board's plea to the jurisdiction and dismissing Wiseman's suit, and Wiseman appealed (cause number 03-13-00291-CV). We will dismiss the Board's appeal as moot and will affirm the trial court's dismissal of Wiseman's suit for judicial review.

## Statutory Framework

As we have long observed, the right to judicial review of an administrative order, absent some sort of constitutional deprivation, "is not a natural or inherent one but is one that may be granted or withheld at the discretion of the Legislature." *Burkhalter v. Texas State Bd. of Med. Exam'rs*, 918 S.W.2d 1, 3 (Tex. App.—Austin 1996, no writ). The Board is "the primary means of licensing, regulating, and disciplining physicians" in Texas, Tex. Occ. Code § 151.003(2), and the Legislature has given the Board exclusive jurisdiction over disputes involving medical licenses.[3] When an agency is given the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute, and exhaustion of administrative remedies is

---

[3] The Board has "sole discretion" to issue medical licenses, Tex. Occ. Code § 155.002(a), and is empowered to oversee all aspects of medical licensing, from an initial examination and application for a license to the renewal and registration of a license to the investigation of complaints against a physician to the suspension or revocation of a license, *see id.* §§ 151.001-168.202 (Subtitle B, "Physicians").

3

required. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). "Exhaustion of remedies requires a party in an administrative proceeding to await that proceeding's completion, thereby securing all available administrative relief before seeking judicial review of the agency's action." *Bennett*, 35 S.W.3d at 15.

The purpose behind requiring the exhaustion of remedies is "'to control the timing of judicial relief from adjudicative action of an agency,'" *id*. (quoting Kenneth Culp Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, & Primary Jurisdiction: 1*, 28 Tex. L. Rev. 168, 168 (1949)), and to "have the agency resolve disputed issues of fact and policy," *Essenburg v. Dallas Cnty.*, 988 S.W.2d 188, 189 (Tex. 1998). In other words, exhaustion of remedies "ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court must address those issues." *Holmes v. Zurich Am. Ins. Co.*, 421 S.W.3d 766, 771-72 (Tex. App.—Dallas 2014, pet. denied); *see In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *3 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) (exhaustion of remedies "prevents courts from interfering with administrative procedures before an agency has been allowed to complete its own decision and review process" (citing *United States v. Paternastro*, 966 F.2d 907, 912 (5th Cir. 1992))).

When an agency has exclusive jurisdiction, then, we may review the agency's administrative action "only at the time and in the manner designated by statute," *Bennett*, 35 S.W.3d at 15, and "[a]bsent exhaustion of administrative remedies, a trial court must dismiss the case." *Rhule*, 417 S.W.3d at 442. Further, "[t]he right to practice medicine is a privilege and is not a natural right," and the legislature may set out limits on and procedures required in seeking judicial

4

review of an administrative action related to a medical license. *Burkhalter*, 918 S.W.2d at 3. Thus, we must turn to the provisions of the Act to determine whether Wiseman has the right to judicial review of the order temporarily suspending his medical license.

Under the Act, the Board must appoint a three-member disciplinary panel to examine allegations that might support the temporary suspension of a medical license.[4] *See* Tex. Occ. Code § 164.059(a). If the panel determines that the doctor's continuing practice would "constitute a continuing threat to the public welfare," the panel shall temporarily suspend the doctor's license and may do so without a hearing. *Id.* § 164.059(b), (c); *see also id.* § 164.004(a) (temporary suspensions exempt from due process requirements of notice and opportunity to show compliance with governing laws). If the license is suspended without a hearing, the matter must be set for a hearing by a disciplinary panel at the earliest possible date after providing ten days' notice. *Id.* § 164.059(c). If after the hearing the panel affirms the suspension, the Board must schedule an informal show compliance meeting (ISC) as soon as practicable in accordance with section 164.004 of the Act and section 2001.054(c) of the APA. *Id.* § 164.059(e); 22 Tex. Admin. Code § 187.61(c) (Ancillary Proceeding); *see also* Tex. Occ. Code § 164.004 (due process compliance in disciplinary proceedings); Tex. Gov't Code § 2001.054(c) (license revocation or suspension is not effective unless licensee gets proper notice and is allowed opportunity to show why license should be retained). If at the ISC the doctor cannot show compliance with the issues made the basis for the suspension, the Board shall file a formal complaint and shall notify the State Office of

---

[4] The Act addresses the temporary "suspension or restriction" of a medical license. *See id.* §§ 164.059, .0595. Because the action at issue here is the temporary suspension of Wiseman's license, for brevity, we will simply use the term "suspension."

5

Administrative Hearings (SOAH) of the complaint. Tex. Occ. Code §§ 164.005 (titled, "Initiation of Charges; Formal Complaint"), .059(f); 22 Tex. Admin. Code § 187.61(d) (if dispute not resolved at ISC, formal complaint shall be filed with SOAH as soon as practicable).

A formal complaint under section 164.005 is a written statement alleging that a person committed an act that "could affect the legal rights or privileges of a license holder or other person under the [B]oard's jurisdiction." Tex. Occ. Code § 164.005(a). Once a formal complaint is filed, a formal hearing is conducted by an administrative law judge employed by SOAH, and after the hearing, the Board "shall dispose of the contested case by issuing a final order based on the administrative law judge's findings of fact and conclusions of law." *Id.* § 164.007(a). A doctor whose license is revoked or who is "subject to other disciplinary action" by the Board may appeal to the trial court within thirty days "after the date the [B]oard's decision is final." *Id.* § 164.009.

## Discussion

"A temporary suspension or restriction proceeding is ancillary to a disciplinary proceeding concerning the licensee's alleged violation(s) of the Act." 22 Tex. Admin. Code § 187.61(a). In addition to that explicit directive, the framework of the Act and the Board's rules make it plain that a temporary suspension proceeding is not a contested case subject to the APA.[5]

---

[5] A contested case is defined by the APA as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." Tex. Gov't Code § 2001.003(1). The Board's rules define a contested case as "[a] proceeding, including but not restricted to licensing, in which the legal rights, duties, or privileges of a party are to be determined by the board after an opportunity for an administrative hearing *to be held at SOAH*." 22 Tex. Admin. Code § 187.2(14) (Definitions) (emphasis added).

A temporary suspension order may be issued without holding a hearing, and if such an order is affirmed by a disciplinary panel after a hearing, the matter then proceeds first to an ISC before moving onto SOAH's contested case docket. *See* Tex. Occ. Code §§ 164.005 (filing of formal complaint), .007 (formal hearing of contested case conducted by SOAH), .059(c) (temporary suspension may be ordered without notice or hearing), (e) (ISC must be scheduled if suspension affirmed following hearing), (f) (formal complaint under section 164.005 must be filed if doctor does not show compliance at ISC); 22 Tex. Admin. Code §§ 187.58(a) (Procedures before the Disciplinary Panel) (temporary suspension proceeding exempted from APA's notice requirement in licensing cases), .61(a), (d) (temporary suspension proceeding is ancillary to disciplinary proceeding; if ISC does not resolve matter, formal complaint is filed with SOAH).[6] And, the Act explicitly exempts a temporary suspension under section 164.059 from due process requirements such as notice and an opportunity to show compliance with the law. Tex. Occ. Code § 164.004(a).

Under section 164.009, a doctor may appeal from "other disciplinary action,"[7] but not until after the Board's "*decision is final*." *Id.* § 164.009 (emphasis added). We hold that this means that an appeal from any disciplinary action, including a temporary order such as the one

---

[6] *Compare* 22 Tex. Admin. Code §§ 187.10-.21 (Subchapter B, Informal Board Proceedings) and §§ 187.55-.62 (Subchapter F, Temporary Suspension and Restriction Proceedings), *with id*. §§ 187.22-.33 (Subchapter C, Formal Board Proceedings at SOAH) and §§ 187.35-.42 (Subchapter D, Formal Board Proceedings).

[7] "Disciplinary action" is not defined by the occupations code, but a "disciplinary order" is "an action taken under Section 164.001, 164.053, 164.058, or 164.101." Tex. Occ. Code § 151.002(a)(3); *see id.* §§ 164.001 (explaining when Board "shall" revoke or suspend license, place doctor on probation, or reprimand doctor), .053 (defining unprofessional or dishonorable conduct), .058 (suspension of license while doctor is incarcerated), .101 (governing license probation). Sections 151.002 and the statutes enumerated therein do not include temporary suspension orders.

here, may not be taken until the Board issues a final decision in the overall dispute following an ISC and contested case at SOAH pursuant to the procedures set out in the Act.[8] *See Rea v. State*, 297 S.W.3d 379, 384 (Tex. App.—Austin 2009, no pet.) ("In determining whether an agency action is final, we do not look at the action separately, but to the agency decision-making process as a whole."). Our holding does not do violence to the statutory language used by the Legislature and harmonizes with the overall structure of the Act.

Thus, because the Board has exclusive jurisdiction over the initial determination in a licensing dispute, exhaustion of remedies is required. *See Bennett*, 35 S.W.3d at 15. Until the Board makes a final decision in this dispute, Wiseman cannot exhaust his administrative remedies so as to give the courts jurisdiction to review the administrative action. *See Rea*, 297 S.W.3d at 383-84 (Board's actions during investigation "are merely preliminary to the administrative hearing before SOAH" and are not reviewable by courts).

Finally, we address Wiseman's contention that he has a constitutionally protected property right in his medical license and is entitled to due process. A professional license such as the one in question here is a property right, but is one that is statutorily created and subject to the State's "power to impose conditions upon the granting or revocation of the license for the protection of society." *Scally v. Texas St. Bd. of Med. Exam'rs*, 351 S.W.3d 434, 446 (Tex. App.—Austin

---

[8] We recognize that the Board's suspension order in this case states that it is final and effective as of the date it was signed. However, if we were to rely on that statement and interpret the Act as allowing Wiseman to appeal from the temporary order, it would frustrate the purpose behind exhaustion of remedies and could lead to absurd results where the administrative process is disrupted by judicial review following a Board action that has any effect on a license, no matter the reason for the agency action, how minor the effect, or the duration of the action.

2011, pet. denied); *see Burkhalter*, 918 S.W.2d at 3 (right to practice medicine is privilege not natural right, and legislature may impose limits on judicial review of administrative licensing action). Wiseman is correct that he is entitled to due process protections in this administrative proceeding, which at a minimum require notice and a meaningful opportunity to be heard. *See Scally*, 351 S.W.3d at 447. However, Wiseman has received adequate due process protection thus far, and the Act continues to provide due process protections in the remainder of the process by requiring he be given notice, an opportunity to participate and defend himself in the ISC and the SOAH contested case, and the opportunity to appeal once the Board comes to a final decision.

**Conclusion**

We have concluded that a temporary suspension order is not a final, appealable order, regardless of the fact that the language used in this particular order seems to invoke section 164.009 and section 2001.144(3) of the APA.[9] *See* Tex. Occ. Code § 164.009; Tex. Gov't Code § 2001.144(3) (decision in contested case is final on date decision is rendered if state agency

---

[9] To temporarily suspend a license under the Act, the disciplinary panel must determine that the doctor's continued practice constitutes a "continuing threat to the public welfare." Tex. Occ. Code § 164.059(b); 22 Tex. Admin. Code § 187.57(b) (Charge of the Disciplinary Panel) (in temporary suspension or restriction proceeding, if panel determines that doctor's continuing practice poses continuing threat to public welfare, panel shall temporarily suspend or restrict license). That language is similar to the finding in this order that an imminent peril to public health, safety, or welfare required the order's immediate effect. *See* 22 Tex. Admin. Code § 187.62 (Continuing Threat Constitutes A Danger to the Public) (Board's decision to suspend or restrict license may not be enjoined if doctor's continued practice presents danger to public, and "determination that a licensee's continuation in practice would constitute a continuing threat to the public welfare shall be deemed to be a finding that the license holder's continued practice presents a danger to the public"); *see also id.* § 187.58(a) (Procedures before the Disciplinary Panel) (section 164.004 exempts temporary suspension from notice and hearing requirements of APA § 2001.054(c)).

"finds that an imminent peril to the public health, safety, or welfare requires immediate effect of [the] decision or order").  We therefore affirm the trial court's granting of the Board's plea to the jurisdiction and dismissal of Wiseman's petition for judicial review.

As for the Board's appeal, all issues related to the trial court's issuance of a temporary injunction, which was to last for only 120 days, became moot when the court entered its final judgment.  *See Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991). We therefore dismiss as moot the Board's appeal in cause number 03-13-00210-CV.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed on Rehearing, Cause Number 03-13-00291-CV
Dismissed as Moot on Rehearing, Cause Number 03-13-00210-CV

Filed:   January 30, 2015

10