# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00491-CV

**William J. Rea, M.D., Appellant**

v.

**The State of Texas; Texas Medical Board; Roberta Kalafut, D.O.,
in her Official Capacity as a Member of the Board; Donald Patrick, J.D., M.D.,
in his Official Capacity as the Director of the Board; et al., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GN-08-000997, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## O P I N I O N

The Texas Medical Board (the "Board") determined that appellant William J. Rea, M.D., who is licensed by the Board to practice medicine, committed violations of the Medical Practice Act. The Board filed a complaint against Rea at the State Office of Administrative Hearings ("SOAH"), seeking an adjudicative hearing for the purpose of taking disciplinary action against Rea. In response, Rea filed this lawsuit, alleging various statutory and regulatory violations made by the Board during its investigation of Rea, and seeking to enjoin the Board from continuing to prosecute him and enjoin SOAH from adjudicating the matter. The district court granted the Board's plea to the jurisdiction and dismissed all of Rea's claims on the basis that his claims are not ripe and, therefore, the district court has no subject-matter jurisdiction over the claims. We affirm the judgment of the district court.

*Factual and Procedural Background*

William J. Rea is a physician licensed to practice medicine in the State of Texas. *See* Tex. Occ. Code Ann. § 155.001 (West 2004). The Texas Medical Board informed Rea in October 2005 that it was investigating a complaint that Rea had violated certain statutes applicable to the practice of medicine. *See id.* § 164.051(a)(6) (West 2004) (requiring physician to "practice medicine in an acceptable professional manner consistent with public health and welfare"); Tex. Health & Safety Code Ann. § 311.0025(a) (West 2001) (prohibiting physician from submitting bill for treatment he knows was "improper, unreasonable, or medically or clinically unnecessary"). The Board identified specific patients whose treatment by Rea was at issue, and Rea submitted to the Board written materials applicable to Rea's treatment of those patients. These materials were reviewed by the Board-appointed expert physician panel. *See* Tex. Occ. Code Ann. §§ 154.056(e), .0561 (West Supp. 2008). The Board informed Rea in September 2006 that the expert physician panel had concluded that Rea violated the applicable standard of care, and that an Informal Show Compliance and Settlement Conference ("ISC") was initially scheduled for November 16, 2006. The ISC took place on March 9, 2007, and in August 2007 the Board filed a complaint against Rea at the State Office of Administrative Hearings, seeking an adjudicative hearing for the purpose of taking disciplinary action against Rea. *See* Tex. Gov't Code Ann. § 2001.058 (West 2008).

On March 26, 2008, Rea filed suit against the State, the Board, and multiple individuals affiliated with the Board (collectively, the "Board Defendants"),[1] as well as two

---

[1] The Board-affiliated individuals—sued in their official capacities—are the Board's director Donald Patrick, J.D., M.D.; the Board's director of enforcement Mari Robinson, J.D.; the Board's staff attorney Mark Martyn, Esq.; Board members Roberta Kalafut, D.O., Lawrence Anderson, M.D.,

administrative law judges with SOAH (the "SOAH Defendants").[2] Rea alleges multiple statutory and regulatory violations by the Board Defendants, which he characterizes as violations of his right to due process. According to Rea, the Board did not fulfill its obligation under occupations code section 154.053 to "notify the physician of the nature of the complaint." *See* Tex. Occ. Code Ann. § 154.053(a) (West Supp. 2008). Rea further alleges that the expert physician panel's review involved an improper conflict of interest, *see id.* § 154.056(e), failed to include a second expert's review, *see id.* § 154.0561(b), and included a physician who does not practice in a specialty identical or similar to Rea's specialty, *see id.* § 154.058(b) (West 2004). Rea alleges that the expert report does not contain certain required information, *see* 22 Tex. Admin. Code § 182.8(c) (2009), and was not completed in a timely manner, *see id.* §§ 179.6(a), 187.16(e) (2009). Rea also alleges that the Board did not provide Rea an opportunity during the ISC to show his statutory compliance, and that this was a statutory violation. *See* Tex. Occ. Code Ann. § 164.004(a)(2) (West 2004); Tex. Gov't Code Ann. § 2001.054(c) (West 2008).

In his petition, Rea seeks temporary and permanent injunctions—under the authority of Texas Civil Practice and Remedies Code section 65.011 or 42 United States Code

Melinda McMichael, M.D., Timothy Webb, J.D., Michael Arambula, M.D., Julie Attebury, Jose Benavides, M.D., Patricia Blackwell, Melinda Fredricks, Manuel Guajardo, M.D., Amanullah Khan, M.D., Margaret McNeese, M.D., Charles Oswalt, M.D., Larry Price, D.O., Annette Raggette, Paulette Southard, Timothy Turner, Irvin Zeitler, D.O., and Alan Shulkin, M.D.; and Teralea Davis Jones, P.A., Felix Koo, M.D., and Abelino Reyna, sued as Texas Medical Board members although the Board Defendants have alleged in their pleadings that they are instead members of the Texas Physician Assistant Board.

[2] The SOAH Defendants are Penelope Wilkov and Carol Birch, who Rea alleges are the administrative law judges appointed by SOAH to conduct the hearing on the Board's complaint against Rea.

section 1983—barring the Board Defendants from prosecuting him and the SOAH Defendants from conducting any administrative proceedings in connection with such prosecution. Rea also seeks a declaratory judgment that (1) the Board's actions are unconstitutional, in contravention of statutes and regulations, and in excess of its lawful powers and authority, (2) appellees' acts and omissions violate Rea's right to due process, (3) any future acts predicated on such due process violations are null and void, and (4) the Board's administrative regulation requiring that members of an expert physician panel be certified by "the American Board of Oral and Maxillofacial Surgery or an organization that is a member of the American Board of Medical Specialties or the Bureau of Osteopathic Specialists," *see* 22 Tex. Admin. Code § 182.5(a)(2)(B) (2009), is void and unconstitutional.

The Board Defendants filed a plea to the jurisdiction. On July 28, 2008, the district court granted the Board Defendants' plea, based on the court's determination that it lacks subject-matter jurisdiction over Rea's claims, and dismissed Rea's claims without prejudice as to all parties. Rea appeals.

*Analysis*

In his first point on appeal, Rea challenges the district court's dismissal of his claims against the Board Defendants in accordance with their plea to the jurisdiction. A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate subject-matter jurisdiction are questions of law that we review de novo. *Texas Dep't*

*of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the plaintiff's pleadings, as in this case, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend his pleadings. *Id.* at 226-27.

Appellees assert that Rea's claims are not ripe. Ripeness is a threshold issue that implicates subject-matter jurisdiction. *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998); *Texas Dep't of Ins. v. Reconveyance Servs., Inc.*, 240 S.W.3d 418, 435 (Tex. App.—Austin 2007, pet. filed). While the jurisdictional issue of standing focuses on who may bring an action, ripeness focuses on when that action may be brought. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Reconveyance Servs.*, 240 S.W.3d at 435.

Ripeness concerns whether, at the time a lawsuit is brought, the facts have developed sufficiently such that an injury has occurred or is likely to occur, rather than being contingent or remote. *Planned Parenthood*, 971 S.W.2d at 442, *Reconveyance Servs.*, 240 S.W.3d at 435. To establish that a claim is ripe based on an injury that is *likely* to occur, the plaintiff must demonstrate that the injury is imminent, direct, and immediate, and not merely remote, conjectural, or hypothetical. *Gibson*, 22 S.W.3d at 852. By focusing on the concreteness of injury, the ripeness doctrine allows a court to avoid premature adjudication as well as issuance of advisory opinions. *Id.*

Generally, an administrative agency's action must be final before it is judicially reviewable. *See Edwards Aquifer Auth. v. Bragg*, 21 S.W.3d 375, 380 (Tex. App.—San Antonio

5

2000), *aff'd*, 71 S.W.3d 729 (Tex. 2002); *City of El Paso v. Madero Dev.*, 803 S.W.2d 396, 399 (Tex. App.—El Paso 1991, writ denied). The finality requirement—in the context of ripeness—concerns whether the initial decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury. *See Maguire Oil Co. v. City of Houston*, 243 S.W.3d 714, 718 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Madero Dev.*, 803 S.W.2d at 399. The administrative decision must be formalized, and its effects felt in a concrete way by the challenging party. *Madero Dev.*, 803 S.W.2d at 398-99. Rea identifies as final administrative decisions ripe for adjudication by the district court both the Board's "multiple violations" of statutes and its "decision to continue with a license disciplinary proceeding." However, these acts by the Board are merely preliminary to the administrative hearing before SOAH. An action taken by an agency is not a final one for purposes of judicial review merely because it is against the licensee's interest, or because it violates a statute or regulation. In determining whether an agency action is final, we do not look at the action separately, but to the agency decision-making process as a whole. *See Star Houston, Inc. v. Texas Dep't of Transp.*, 957 S.W.2d 102, 105 (Tex. App.—Austin 1997, pet. denied) (final order is one with which agency expects compliance and that fixes some legal relationship as consummation of administrative process); *North Alamo Water Supply Corp. v. Texas Dep't of Health*, 839 S.W.2d 448, 450-51 (Tex. App.—Austin 1992, writ denied) (final order is one that does not require subsequent agency approval). Here, because the Board is merely *seeking* to take disciplinary action against Rea, no final decision has been made at the agency level.

Moreover, the acts Rea alleges in this lawsuit as violating his constitutional and statutory rights have not yet inflicted any concrete injury on Rea. At the time of the filing of suit,

no disciplinary action had been taken against Rea. Rather, the Board had sought an adjudicative hearing before SOAH for the purpose of taking disciplinary action, subject to the results of the hearing. This is made evident in the specific relief sought by Rea, which includes declaring as null and void any "formal administrative proceeding seeking to revoke or otherwise discipline Plaintiff's medical license" and enjoining the Board Defendants from "prosecuting or causing to prosecute the Plaintiff in connection with any of the allegations set forth in the administrative complaint." A determination that the result of the pending administrative proceeding and prosecution before SOAH will be a concrete injury against Rea requires conjecture and speculation at this point. *See Texas State Bd. of Exam'rs in Optometry v. Carp*, 343 S.W.2d 242, 245-46 (Tex. 1961) (injury from public official's alleged unlawful act is matter of conjecture until license revoked, upon which statute gives right of appeal in district court). Therefore, Rea's claims filed against appellees in this lawsuit are not ripe.[3]

Rea asserts that the district court can intervene under the circumstances alleged here because judicial intervention is proper when a state agency acts in excess of its powers and jurisdiction. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (administrative agencies "may exercise only those powers the law, in clear and express statutory language, confers upon them"). However, Rea does not allege the Board or SOAH lacks

[3] The issue of ripeness applies specifically to Rea's constitutional due process claims. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 930 (Tex. 1998); *Texas A&M Univ. v. Hole*, 194 S.W.3d 591, 594 (Tex. App.—Waco 2006, pet. denied) (op. on reh'g). To the extent Rea has a property right in his medical license, Rea has not suffered any deprivation applicable to his license because the disciplinary proceeding has not yet run its course, and his license may or may not be affected by the proceeding. *See Monk v. Huston*, 340 F.3d 279, 282-83 (5th Cir. 2003).

authority to make an initial determination regarding the revocation or suspension of a medical license. *See* Tex. Occ. Code Ann. § 151.003(2) (West 2004) (Board is "primary means of licensing, regulating, and disciplining physicians"), § 164.007(a) (West Supp. 2008) (formal hearing on Board complaint to be conducted by administrative law judge employed by SOAH), § 164.009 (West 2004) (judicial review available for "person whose license to practice medicine has been revoked or who is subject to other disciplinary action by the board"). *See generally Reconveyance Servs.*, 240 S.W.3d at 432-33 (discussing concepts of exclusive jurisdiction and primary jurisdiction).[4] Instead, Rea argues that the Board was stripped of such authority based on its failure to comply fully with procedural requirements, in accordance with occupations code section 164.004(a) and government code section 2001.054(c). Both such statutes require that, prior to any disciplinary proceedings before SOAH, the Board must give notice of the "facts or conduct alleged to warrant the intended [disciplinary] action." Tex. Occ. Code Ann. § 164.004(a)(1); Tex. Gov't Code Ann. § 2001.054(c)(1). In his pleadings, as stated above, Rea alleges a failure to give such notice.

However, neither occupations code section 164.004(a) nor government code section 2001.054(c) provides that, upon insufficient notice, any administrative proceeding must cease or the agency or SOAH loses its jurisdiction. Rather, these statutes provide that when insufficient notice is provided, any disciplinary action taken is "not effective." Tex. Occ. Code Ann.

---

[4] Rea contends that neither the Board nor SOAH has exclusive or primary jurisdiction over this dispute because neither the Board nor SOAH has the power to consider allegations of constitutional violations or provide declaratory or injunctive relief to remedy such violations. Our holding, however, is that neither the Board nor SOAH has implemented any final action that is ripe for judicial review of Rea's constitutional claims or his claims for declaratory or injunctive relief in the first place.

§ 164.004(a); Tex. Gov't Code Ann. § 2001.054(c). Rea cites no authority to support his contention that if a certain action by an agency could be deemed ineffective, the agency loses its power to take such action in the first instance as a part of the agency adjudicative process. In this case, in the event that the SOAH proceeding results in disciplinary action to be taken against Rea, a claim by Rea that his notice was insufficient and the Board's disciplinary action was, therefore, not effective might then become ripe for judicial review.

Rea also asserts the applicability of several exceptions to the general rule that subject-matter jurisdiction not be exercised until all available administrative remedies have been exhausted.[5] Rea fails to distinguish between the issues of ripeness and exhaustion of administrative remedies. Whereas exhaustion refers to the administrative procedures available for review of an adverse decision, ripeness in the administrative context concerns whether the applicable decision-maker has arrived at a definitive position that inflicts a concrete injury. *Maguire Oil Co.*, 243 S.W.3d at 718-19. Regardless of whether the Board has made decisions adverse to Rea that would make administrative remedies available, we do not need to consider the issue of exhaustion because our focus is on the issue of ripeness and, as discussed above, no decision has been made that inflicts a concrete injury on Rea and that is final at the agency level.

---

[5] Specifically, Rea argues that administrative remedies are inadequate, exhaustion would result in irreparable harm, exhaustion is not applicable to a case involving a section 1983 claim, appellees are acting in excess of their powers and jurisdiction, use of administrative remedies would be futile, his allegations involve pure questions of law, and constitutional violations are at issue. Because our holding relies on the separate issue of ripeness, we do not consider the viability or applicability of Rea's argued exceptions to exhaustion of administrative remedies.

Even if the Board did violate Texas law and we were to agree with Rea that the administrative proceeding before SOAH is thereby "tainted," it is not the function of the district court to speculate whether the outcome would be injurious to Rea. The district court's dismissal of Rea's claims against the Board Defendants was not error.

In his second point on appeal, Rea challenges the district court's dismissal of his claims against the SOAH Defendants. Rea contends that because the SOAH Defendants answered only with a general denial and did not file a plea to the jurisdiction, the district court's dismissal of the SOAH Defendants was made sua sponte. Rea cites case law holding that sua sponte dismissal without a motion by the plaintiff or notice to the defendant is reversible error. *See Ulloa v. Davila*, 860 S.W.2d 202, 204-05 (Tex. App.—San Antonio 1993, no writ); *see also Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1988, no writ) (sua sponte imposition of sanctions). However, Rea did have notice in this case. The Board Defendants' ripeness arguments in their plea to the jurisdiction apply to all of Rea's claims, not just those claims asserted against the Board Defendants. Rea's pleadings do not allege any wrongful act attributable to the SOAH Defendants, and his attempt to enjoin the SOAH Defendants from proceeding with the license revocation case is based solely on the Board Defendants' allegedly wrongful acts. Our holding that Rea's claims are not ripe applies equally to the Board Defendants and the SOAH Defendants. Given that Rea asserted no claims against the SOAH Defendants that were not also asserted against the Board Defendants, had notice of the plea before the district court asserting that Rea's claims were not ripe, and had opportunity to argue against the plea before the district court both in written briefing and at the hearing, we find no error in the district court's dismissal of Rea's

10

claims against the SOAH Defendants.[6] *See State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks [subject-matter] jurisdiction, its only legitimate choice is to dismiss.").

### *Conclusion*

Rea's claims in this lawsuit against both the Board Defendants and the SOAH Defendants are not ripe for judicial review. Consequently, we affirm the judgment of the district court dismissing the claims.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 16, 2009

---

[6] The SOAH Defendants assert that they made known to the district court their "neutrality" on the Board Defendants' plea to the jurisdiction, so that their position before the court would not undermine their ability to remain "neutral when the merits of the case is before them."