ACCEPTED
01-15-00251
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 4:59:51 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00251-CV

_____

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 4:59:51 PM
CHRISTOPHER A. PRINE
Clerk

_____

In Re Texas State Silica Products Liability

_____

Appeal from the 333rd District Court of Harris County, Texas
Trial Court Cause No.: 2004-7000

_____

**APPELLANTS' RESPONSE TO APPELLEES'
MOTION TO DISMISS APPEAL OR, ALTERNATIVELY,
TO STRIKE APPELLANTS' BRIEF**

_____

TO THE HONORABLE COURT OF APPEALS:

This appeal is based on the MDL Court's order denying interlocutory injunctive relief to Appellants and the Court of Appeals has jurisdiction over the appeal on the following grounds:

**I.     THE MDL COURT'S RULING ON APPELLANTS' MOTION FOR TEMPORARY INJUNCTION.**

Before addressing the injunction hearing upon which Appellees' Motion is based, it is important to note that during the pendency of this appeal, all other silicosis cases filed prior to 2005 have been or are being dismissed in accordance

1

with Chapter 90.101 (d-1). *See,* Exhibit 1, MDL Court Dismissal Orders. To date, 4577 silicosis cases, previously filed before 2005 have been dismissed. *Id.* By August 31, 2015, the only remaining pre-2005 silicosis cases left in the state of Texas will be the Appellants.

On August 19, 2014, the MDL Court issued an Amended Order denying Appellants' Request for Temporary Injunction to Enjoin Enforcement of Chapters 90.004 and 90.010 of the Texas Civil Practice and Remedies Code. (CR 1639-40) This Order also sets out the MDL Court's approval of a stipulation by the parties dated May 19, 2014. (CR 1640) The parties stipulated that the only matter currently under consideration by the MDL Court is the request for temporary injunction. *Id*. Ultimately, the MDL denied Appellants' Request for Temporary Injunction. (CR 1639-40). By holding that the Plaintiffs' complaints were not ripe, the MDL Court issued a specific ruling denying the Plaintiffs' request for temporary injunction. (CR 1640 at ¶ 5)

Based upon the MDL Court's specific rulings, this appeal is from an interlocutory order refusing a temporary injunction which greatly prejudices Appellants by forcing a dismissal of their cases. See, Tex. Civ. Prac. & Rem. Code 51.014 (a) (4). Consequently, this appeal arises from the denial of Appellants' Request for Temporary Injunction to enjoin the enforcement of Chapters 90.004 and 90.010 of the Texas Civil Practice and Remedies Code on the grounds that

these statutes are unconstitutional. Section 51.014(a)(4) of the Texas Civil Practices and Remedies Code provides for an interlocutory appeal of the denial of a temporary injunction. *Id.* Appellants originally appealed to the Texas Supreme Court in accordance with Section 22.001(c) of the Texas Government Code and Acts 2005, 79th Leg. R. S. Ch. 97 Sec. 10 ("S.B.15").[1] When the Supreme Court denied consideration of the appeal, Appellants filed this appeal pursuant to TRAP 57.5. Thus, this Court has jurisdiction over Appellants' interlocutory appeal.

## III. APPELLEES' CLAIM THAT THE CONSTITUTIONAL CHALLENGE IS NOT RIPE IS MOOT.

The MDL Court abused its discretion in determining that the Appellants' constitutional challenge was not ripe. (CR 1640) Presently, the challenge could not be more ripe because of the Legislature's 2013 amendment to Chapter 90. Tex. Civ. Pract. & Rem. Code § 90.010 (d-1) (2013). Under this amendment, all silicosis cases will be dismissed by August 31, 2015, as mandated by the statute. Chapter 90.010 (d-1) of the Texas Civil Practice and Remedies Code. This matter was, in fact, briefed in Appellants' Brief on pages 50-52. The futility of Appellees' Motion is demonstrated by the dismissal mandate in Chapter 90.010 (d-

---

[1] The Legislature provided a direct appeal to the Supreme Court from an order, *however characterized,* of a trial court granting or denying a temporary or otherwise interlocutory injunction or a permanent injunction on the grounds of constitutionality or unconstitutionality, *or other validity or invalidity*, under the state or federal constitution of all or any part of this Act. (CR 1st Supp. V2, 524) The direct appeal is an accelerated appeal.

1). By August 31, 2015, Appellants' cases face dismissal. At that point, as a result of the final disposition of their claims, Appellants would then have the right to appeal the dismissals as final, appealable orders from a trial court. *See,* TRAP Rule 25 (c). The actual effect of the Appellees' Motion, if it were granted, would be to dismiss this appeal, only to have hundreds of appeals appear on this Court's docket in September, after the dismissal orders are entered. Since Appellants are faced with certain dismissal of their silicosis claims, their constitutional challenge satisfies the ripeness requirement under Texas law.

The Supreme Court describes ripeness as a question of timing. *Perry v. Del Rio,* 66 S.W. 3d 239, 250 (Tex. 2011); citing, *Abbott Labs v. Gardner,* 387 U.S. 136, 149, 87 S. Ct. 1507 (1967). "The central concern is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." In this regard, a court is required to "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court decision." *Id.* "Hardship is shown when a statute *'requires an immediate and significant change in the plaintiffs'* conduct of their affairs with serious penalties attached to noncompliance." *Mitz v. State Bd. of Veterinary Med. Exam'rs,* 278 S.W. 3d 17, 26 (Tex. App. – Austin 2008, pet. dism'd) (quoting *Abbott Labs v. Gardener,* 387 U.S. 136, 149, 18 L.Ed. 2d 681, 87 S.Ct. 1507 (1967) (emphasis added).

In this case, statutory mandate dictates that by August 31, 2015, the Appellants' cases will be dismissed. This dismissal represents an immediate and significant change in the conduct of Appellants' affairs because Appellants' can no longer prosecute their cases. The Appellants face the hardship of having their pending lawsuit dismissed and stripped from them. If they want to continue to pursue a claim, they are being forced to re-file a new lawsuit, pay new filing fees, attempt to re-serve defendants who have already answered and appeared. Moreover, the Appellants, either in their present cases or in new cases, have to attempt to serve a compliant Chapter 90.004 report based upon vague statutory language they cannot follow or understand. To suggest that this appeal is not ripe is, quite frankly, absurd.

In fact, the administrative burden of hundreds of dismissals on the court system should not be disregarded. If Appellees' Motion is granted, the Appellants return to the trial court to await certain orders of dismissal by the Court on August 31, 2015. As demonstrated by Exhibit 1 to this Response, such effort is no small task. Once the dismissals are documented and entered, Appellants would have to file individual notices of appeal, as distinguished from the single appeal from the injunction presented here. Hundreds of notices would be administratively processed and the clerk would, yet again, be asked to issue another clerk record based upon each individual appeal. Consequently, a dismissal of this case would

not only represent an unnecessary delay, but a profound waste of staff time and resources. This judicial duplication and waste would occur precisely because this matter is ripe for consideration now.

A ripeness determination also requires the Appellants to demonstrate that injury or hardship is imminent, direct, and immediate, not remote, conjectural or hypothetical. *Rea v. State,* 297 S.W. 3d 379, 383 (Tex. App. -- Austin 2009, no pet.); *Mitz v. Texas State Board of Veterinary Examiners*, 278 S.W. 3d 17, 25 (Tex. App. -- Austin 2008, pet. dism'd) (Holding that a constitutional challenge to a state licensing law is ripe when enforcement of the law is "sufficiently likely to occur"). If judicial review of the constitutional challenge is withheld, Appellants' injury is imminent and direct, due to the mandated dismissal of their case, and will ultimately cause calamity on this court with duplicitous and repetitive appeals.

Likewise, in the context of attempting to comply with the statute as currently written, Appellants will incur significant costs in investing in medical reports to attempt compliance with a vague, arbitrary statute that appears to have constantly changing medical requirements, even though their suits predate the statute and are based on silicosis diagnoses. For the Maloney Martin Appellants, the cost is estimated at $240,000. (CR 1st Supp. V6, 2778-79) These injuries cannot be termed remote, conjectural, or hypothetical. Further, Appellants' injury of dismissal of their cases establishes the ripeness of the constitutional challenge for

judicial consideration and the MDL Court's error in denying Appellants' Temporary Injunction Request.

## IV. RIPENESS AND STANDING ARE INEXTRICABLY INTERTWINED WITH THE CONSTITUTIONAL CHALLENGE ITSELF.

The issues of ripeness and standing cannot be separated from the constitutional challenge brought by Appellants. Appellees took the position before the MDL Court that until each Appellant attempts the impossible: obtaining, at considerable expense, a medical report that meets the vague, arbitrary, and shifting requirements of the statute, Appellants lack standing and ripeness to bring their constitutional challenge. However, the constitutional issues raised by Appellants establish ripeness and standing without first requiring Appellants to attempt this costly and unobtainable medical report.

The retroactive application alone of Chapters 90.004 and 90.010 to Appellants' common law causes of action is grounds for a constitutional challenge and makes Appellants challenge ripe.[2] Further, the vague, arbitrary, and shifting medical report requirements of the statute has halted the progress of Appellants' cases. Thus, the statute violates the open courts provision of the Texas

---

[2] While the legislature applied the interlocutory medical report requirement retroactively in silicosis claims under Section 90.004, it did not make interlocutory review of expert reports retroactive in healthcare liability claims. Tex. Civ. Proc. & Rem. Code Sec. 51.014(a)(9) - (10). The Texas Supreme Court noted that retroactive application of the statute in such claims might have raised constitutional challenges that prospective application did not. *In Re McAllen Medical Center, Inc.,* 275 S.W. 3d 458, 466-67 (Tex. 2008).

Constitution as well as Appellants' rights to due process. Tex. Const. Art. 1, Sec. 13; *Hightower v. Baylor University Medical Center,* 348 S.W. 3d 512, 521-22 (Tex. App. -- Dallas 2011, pet. denied) (Premise of open-courts provision is the rationale that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition).

Additionally, an attempt by each of the hundreds of Appellants to comply with the statute's vague, arbitrary, and shifting medical requirements could not realistically be accomplished between the date of the enactment of the dismissal provision of the statute on September 1, 2013, and the date of dismissal, August 31, 2015. Each Appellant's attempt would involve the lengthy process of obtaining a medical report, responding to opposing parties' objections to the report, and seeking the MDL Court's approval of the report. Also, each Appellant's attempt to comply with the statute would add up to considerable expense with no certainty the medical report is written correctly due to the vagueness of the statute.

Now, Appellants' cases are to be dismissed under the statute, which further raises constitutional issues and establishes ripeness. *Atmos Energy Corp. v. Abbott,* 127 S.W. 3d 852, 856 (Tex. App. -- Austin 2004, no pet.) (The ripeness of a constitutional challenge is demonstrated by showing that enforcement is imminent or sufficiently likely).

Likewise, the precarious position in which Appellants now find themselves establishes their standing to challenge the constitutionality of the statute. "Standing consists of some interest peculiar to the person individually and not as a member of the general public." *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). (Plaintiffs had standing to bring mandamus suit for failure of court system to provide timely trial of their lawsuits since each was a party to a suit pending in district court). A party has standing when it is personally aggrieved. *Nootsie v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). For standing to challenge a statute, a party must suffer both some actual or threatened restriction under the statute and contend that the statute unconstitutionally restricts the party's rights. *Patel v. Texas Dept. of Licensing,* No. 12-0657, (Tex 6/26/15); *Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W. 2d 504, 517-18 (Tex. 1995). In these cases, facing certain dismissal of their claims and losing the ability to prosecute their previously-filed claims demonstrates that Appellants face sufficient harm to their cases to create standing for each Appellant.

**V.    ALL OF THE ISSUES RAISED IN APPELLANTS' BRIEF PERTAIN TO THE MDL COURT'S DENIAL OF TEMPORARY INJUNCTIVE RELIEF.**

Appellants raise four issues in Appellants' Brief to this Court. Appellants' Brief, xivii. Each issue arises from the MDL Court's denial of Appellants' Motion for Temporary Injunction against enforcement of Chapters 90.004 and 90.010 of

the Texas Civil Practice and Remedies Code. Each issue addresses the constitutionality of the statute; no new issues are set forth in the brief.

While Appellees seek to limit the issue to merely ripeness and standing in order to forgo having to address the constitutional challenge to the statute, Appellants have shown ripeness and standing to bring their challenge. Moreover, the constitutional issues are intertwined with ripeness and standing and cannot be separated. The halt to Appellants' suits and the impending dismissal of the suits indicate that the issues raised by Appellants' Brief are fit for judicial review and hardship will result if judicial consideration is withheld. *Perry v. Del Rio*, 66 S.W.3d at 250. Furthermore, the MDL Court erred in denying Appellants' request for temporary injunction.

Appellants ask this Court to deny Appellees' Motion to Dismiss Appeal or, Alternatively, to Strike Appellants' Brief, and to find that this Court has jurisdiction over the appeal, and to allow this appeal to proceed before the Court.

Respectfully submitted,

**MALONEY ★ MARTIN, L.L.P.**

*/s/Michael B. Martin*
Michael B. Martin (TBN: 13094400)
mmartin@maloneymartinllp.com
3401 Allen Parkway, Suite 100
Houston, Texas 77019
(713) 759-1600
(713) 759-6930 (Facsimile)
ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via efiling on this 22nd day of July, 2015.


*/s/Michael B. Martin*
Michael B. Martin