

# NUMBER 13-21-00013-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF M.P., M.P., D.P., AND M.P., CHILDREN.

On appeal from the 274th District Court
of Comal County, Texas.

## MEMORANDUM OPINION

Before Justices Longoria, Hinojosa, and Silva
Memorandum Opinion by Justice Longoria

Appellant D.P. (Destinee) an adult sister of M.P.1,[1] M.P.2, D.P., and M.P.3, (children),[2] appeals the trial court's order dismissing her suit affecting the parent-child relationship (SAPCR) for lack of standing in favor of the children's father, M.P. (Father). By two issues, Destinee argues: (1) she was entitled to an evidentiary hearing in response to Father's plea to the jurisdiction[3] to determine whether she had standing to bring a SAPCR under Texas Family Code § 102.003 or § 102.004; and (2) on remand this Court should hold that Destinee's burden of proof to establish standing is by a preponderance of the evidence.[4] We dismiss in part and reverse and remand in part.

## I. BACKGROUND

In addition to Destinee and the children who are the subject of Destinee's SAPCR, Father has other adult children. Two of the children that are the subject of this suit are his biological children, and two are his adopted children.

---

[1] In Destinee's SAPCR, she lists the children's birth dates in month and year format. M.P.1 is listed as being born in July 2003, making M.P.1 over the age of eighteen at the time of this appeal. Since M.P.1 is now an adult, we conclude that this appeal is moot as to M.P.1. *See In re Marriage of Comstock*, 639 S.W.3d 118, 127–28 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *see also Medrano v. Zapata*, No. 03-12-00131-CV, 2013 WL 6921500, at *4 (Tex. App.—Austin Dec. 31, 2013, no pet.) (mem. op.) ("[Mother] acknowledges that J.M. is now emancipated and that this development rendered moot any dispute regarding custody, possession, or access."); *D.C. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-11-00453-CV, 2012 WL 1403333, at *1–2 (Tex. App.—Austin Apr. 19, 2012, no pet.) (mem. op.) ("Because K.C. is no longer a child, we dismiss this appeal as moot.").

[2] In the parties' briefing, they refer to the children as "children," "siblings," or "minor children." Following the parties' lead, we refer to them individually by their initials or collectively as "children" to protect their identities. *See* TEX. R. APP. P. 9.8 cmt ("To protect the privacy of minors in [SAPCRs] . . . , [§] 109.002(d) of the [Texas] Family Code authorizes appellate courts, in their opinions, to identify parties only by fictitious names or by initials."); *see also In re Clay*, No. 02-18-00404-CV, 2019 WL 545722, at *9 n.1 (Tex. App.—Fort Worth Feb. 12, 2019, no pet.) (mem. op.) ("In their mandamus pleadings, Clay and the real parties in interest redacted Clay's daughter's name but used their full names. We follow their lead and identify Clay's daughter by a fictitious name.").

[3] We note that Destinee refers to Father's "Motion to Deny Relief Requested and Motion to Dismiss for Lack of Jurisdiction" as a plea to the jurisdiction.

[4] This appeal was transferred to this Court from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

On July 1, 2020, shortly after the passing of the children's mother in May 2020, Destinee filed a SAPCR seeking to be appointed sole managing conservator of the children. In her original pleading, she alleged she had "standing to bring this suit in that she is the sister of the children subject of this suit and has a close and substantial relationship with the children." She did not specifically identify a statutory basis for standing. The case was set for temporary orders on July 24, 2020.

On July 21, 2020, Father filed a "Motion to Deny Relief Requested and Motion to Dismiss for Lack of Jurisdiction," arguing among other things, that Destinee failed to assert a basis in which she had standing to bring the suit and requesting the trial court to dismiss her suit for lack of standing. The next day, Destinee amended her SAPCR by adding a standing contention under § 102.004(a)(1) of the Texas Family Code, supported by her own affidavit.

Two days later, Father filed a motion to strike in which he objected to Destinee's amendment regarding standing and requested that Destinee's amended SAPCR be struck. The trial court reset the temporary orders hearing on July 24, 2020, to allow the parties to brief jurisdictional issues.

On August 3, 2020, Destinee filed a brief in support of standing in which she argued she had standing under § 102.004(a)(1), and attached as exhibits her original SAPCR, Father's dismissal motion, her amended SAPCR, and her deceased mother's Last Will and Testament dated May 14, 2020, wherein Destinee and her husband were named guardians of the person of the children. The same day, Father filed a brief in support of his motion to dismiss for lack of jurisdiction in which he argued that Destinee lacked standing under § 102.004(a)(1). Additionally, on August 11, 2020, Father filed a brief in

3

response to Destinee's brief in which he attached a letter from the Texas Department of Family and Protective Services (the Department) dated August 5, 2020, which ruled out allegations of abuse against him. The letter from the Department showed that the allegations were reported on June 5, 2020.

On October 13, 2020, Father filed a notice of business records affidavit from the Department which contained documents pertaining to the adoption of M.P.2 and M.P.3, including an initial home study from October 15, 2018, and an adoption home study update from April 22, 2019. In the 2018 initial home study, Destinee indicated she believed her mother and Father would "make excellent foster parents." She also indicated she had been "raised in a very loving and supportive Christian home" with "role model" parents, and she had "never been abused by her parents[.]"

A hearing on Father's motion to dismiss challenging Destinee's standing was held on November 5, 2020. At the hearing, the parties argued their respective positions through their counsel. Toward the conclusion of the hearing, the trial court stated that it did not believe Destinee had standing to bring her suit. On November 13, 2020, the trial court signed an order dismissing the suit finding that she did not have standing under either § 102.003 or § 102.004(a)(1) of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 102.003, 102.004(a)(1). Destinee now appeals.

## II. DISCUSSION

In her first issue, Destinee contends the trial court erred in "refus[ing]" to conduct an evidentiary hearing on Father's dismissal motion which challenged the existence of jurisdictional facts and argued she was required to present sufficient evidence on the merits of her suit to create a genuine issue of material fact. She argues a hearing was

4

necessary because (1) "satisfactory proof" under § 102.004(a)(1) of the Texas Family Code is intertwined with § 153.131(a) of the Texas Family Code; and (2) she had to rebut the fit-parent presumption, which also applies to the merits of her case under § 153.131 of the Texas Family Code.

While Destinee does not expressly challenge the trial court's determination that she lacked standing under § 102.004(a)(1) of the Texas Family Code by her first issue, we construe her first issue to do so implicitly. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Medrano v. Zapata*, No. 03-12-00131-CV, 2013 WL 6921500, at *5 (Tex. App.—Austin Dec. 31, 2013, no pet.) (mem. op.) (stating standing cannot be waived and may be raised by a party or a court at anytime).

## A. Standing Under § 102.004(a)(1)

### 1. Standard of Review

Standing is a threshold requirement for subject matter jurisdiction, *Tex. Ass'n of Bus.*, 852 S.W.2d at 443, and is a threshold issue in a custody proceeding. *In re K.D.H.*, 426 S.W.3d 879, 882 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A party seeking conservatorship of a child must have standing to pursue such relief. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). When standing is conferred by statute, the statute itself serves as the correct framework for a standing analysis. *See In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also In re B.U.H.*, No. 13-18-00622-CV, 2020 WL 7074358, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 3, 2020, no pet.) (mem. op.) ("In the context of a SAPCR, standing is governed by the Texas Family Code, and '[t]he party seeking relief must allege and establish standing within the parameters of the language used in the statute.'" (quoting *In re H.G.*, 267 S.W.3d 120,

5

124 (Tex. App.—San Antonio 2008, pet. denied) (op. on reh'g))).

A motion to dismiss, as filed in this case, can challenge a party's standing. *See Verno Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (per curiam); *see also Reyes v. Lott*, No. 14-20-00105-CV, 2022 WL 248122, at *2 (Tex. App.—Houston [14th Dist.] Jan. 27, 2022) (mem. op.) ("[Mother] challenged [former live-in-boyfriend's] standing in a motion to dismiss, which was effectively the same as a plea to the jurisdiction."). A plea can challenge either the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). "The trial court can rule on a jurisdictional plea by submission or after an evidentiary hearing: '[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues.'" *Vernco Constr., Inc.*, 460 S.W.3d at 149 (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

When, as here, the existence of jurisdictional facts is challenged, the court must consider evidence submitted by the parties when necessary to resolve the jurisdictional issue. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. When jurisdictional facts implicate or overlap with the merits in a suit, the standing analysis mirrors that of a traditional summary judgment, and if the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant a plea to the jurisdiction but must await resolution of the fact issue by the finder of fact. *See GTECH Corp. v. Steele*, 549 S.W.3d 768, 773–74 & n.10 (Tex. App.—Austin 2018), *aff'd sub nom. Nettles v. GTECH Corp.*, 606 S.W.3d 726 (Tex. 2020); *In re K.D.H.*, 426 S.W.3d at 887 ("[F]or the [nonparent] to have standing, the record must contain satisfactory proof as to part of what the [nonparent] has to establish

6

to prevail on the merits of her suit. This is a case in which the jurisdictional standing challenge implicates the merits of the petitioner's case and the plea to the jurisdiction involves evidence.") (internal citations omitted); *see also Reyes*, 2022 WL 248122, at *2.[5]

As with a summary judgment, the trial court's determination is purely a legal one and is, on appeal, reviewed de novo, with the appellate court indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.—Austin 2009, no pet.).

### 2. Applicable Law

Destinee asserted standing under § 102.004(a)(1) in her amended SAPCR. *See* Tex. Fam. Code Ann. § 102.004(a)(1); *see also Medrano*, 2013 WL 6921500, at *5 ("As with other issues implicating a trial court's subject-matter jurisdiction, analysis of whether [Mother] has standing begins with her live pleadings."). Section 102.004(a)(1) provides:

(a) [A] grandparent, or another relative of the child related within the third degree by consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:

(1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development.

Tex. Fam. Code Ann. § 102.004(a)(1).

---

[5] We note that the standard of review we use in this memorandum opinion is different from those used in *Medrano* and *In re Caudillo* (both cases from the Third Court of Appeals analyzing standing under § 102.004(a)(1)) because Destinee's implicit standing challenge is prior to a trial on the merits and comes from an immediately appealable order. *Compare Medrano*, 2013 WL 6921500, at *3, *5, *7 (conducting a de novo review of mother's challenge to the legal and factual sufficiency of the evidence supporting the trial court's implicit finding that the grandmother had standing under § 102.004(a)(1) after a jury trial on the merits), *with In re Caudillo*, No. 03-19-00208-CV, 2020 WL 6478417, at *1, *3–4 (Tex. App.—Austin Oct. 28, 2020, orig. proceeding) (mem. op.) (conducting an abuse of discretion review of whether trial court erred in denying mother's dismissal motion asserting paternal grandfather and uncle lacked standing under § 102.004(a)(1) by a petition for writ of mandamus).

"Satisfactory proof to the court" means proof by a preponderance of the evidence. *See In re A.M.S.*, 277 S.W.3d 92, 96 n.4 (Tex. App.—Texarkana 2009, no pet.); *see also In re Caudillo*, No. 03-19-00208-CV, 2020 WL 6478417, at *4 (Tex. App.—Austin Oct. 28, 2020, orig. proceeding) (mem. op.). "Present circumstances" refers to the circumstances in existence as of the date the action requesting managing conservatorship is filed. *See In re S.M.D.*, 329 S.W.3d 8, 14 n.3 (Tex. App.—San Antonio 2010, pet. denied); *see also In re Caudillo*, 2020 WL 6478417, at *4.

The evidence must do more than merely raise a suspicion or foster speculation of possible harm. *See In re B.B.M.*, 291 S.W.3d 463, 467 (Tex. App.—Dallas 2009, pet. denied); *see also In re Caudillo*, 2020 WL 6478417, at *5; *In re T.H.*, No. 02-21-00263-CV, 2021 WL 4898776, at *9 (Tex. App.—Fort Worth Oct. 21, 2021, no pet.) (mem. op.). Instead, the nonparent must "offer evidence of specific actions or omissions of the parent that demonstrate an award of custody to the parent would result in physical or emotional harm to the child." *See Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990); *see also R.H. v. D.A.*, No. 03-16-00442-CV, 2017 WL 875317, at *5 (Tex. App.—Austin Mar. 2, 2017, pet. dism'd) (mem. op.); *In re T.H.*, 2021 WL 4898776, at *9.

This is a heavy burden which is not satisfied by merely showing the nonparent would be a better choice as the child's custodian. *See Lewelling*, 796 S.W.2d at 167; *see also R.H.*, 2017 WL 875317, at *5. Acts or omissions that constitute significant impairment include, but are not limited to, physical abuse, severe neglect, abandonment, drug or alcohol abuse, or immoral behavior by a parent. *See In re B.B.M.*, 291 S.W.3d at 469; *see also In re Caudillo*, 2020 WL 6478417, at *5. A finder of fact may infer the present fitness of a parent to be managing conservator from the parent's recent, deliberate past

misconduct. *See In re M.W.*, 959 S.W.2d 661, 666 (Tex. App.—Tyler 1997, writ denied); *see also R. H.*, 2017 WL 875317, at *5. Section 102.004(a)(1) "is intended to restrict grandparent . . . standing to bring a SAPCR solely to 'certain extreme circumstances.'" *In re Caudillo*, 2020 WL 6478417, at *4 (quoting *Medrano*, 2013 WL 6921500, at *6); *see* TEX. FAM. CODE ANN. § 102.004(a)(1).

### 3. Analysis

We review the following evidence which was before the trial court when it dismissed Destinee's SAPCR: (1) her affidavit; (2) her deceased mother's Last Will and Testament dated May 14, 2020; (3) a letter from the Department dated August 5, 2020; (4) an initial home study completed on October 15, 2018, for Father and deceased mother; and (5) an adoption home study update completed on April 22, 2019. *See Vernco Constr., Inc.*, 460 S.W.3d at 150 ("If all the evidence is filed with the clerk and only arguments by counsel are presented in open court, the appeal should be decided on the clerk's record alone.").

Here, Destinee testified in her affidavit in pertinent part as follows:

[I] have witnessed domestic violence and abuse to my siblings from [Father] by him: Provoking and then escalating conflict situations and not letting them walk away from situation until they say or do something he was able to physically punish them for; Spanking them to the point of terror with wooden spoons so hard that the spoons break, then when other siblings try to stop the beating[,] they get punished as well; Whipping my sibling with a dog leash; Exposing all of us in some way to pornography as minors and having a self-admitted addiction to it; Exposing his children to domestic violence of my mother; and Prioritizing his own self-interest over the kids best interest[.]

This testimony speaks to "significant impairment" because it describes, with some detail, physical abuse by Father against one or more of the children. *See* TEX. FAM. CODE

9

ANN. § 102.004(a)(1) ("[T]he order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development."); *see also In re Caudillo*, 2020 WL 6478417, at *5 (stating that "[a]cts . . . that constitute significant impairment include . . . physical abuse"). Father did not present any evidence that negates Destinee's allegations or show that they relate to past misconduct. *See* TEX. FAM. CODE ANN. § 102.004(a)(1); *see also In re Caudillo*, 2020 WL 6478417, at *5 (analyzing grandfather and uncle's standing under § 102.004(a)(1) and explaining that "[e]vidence of past misconduct, standing alone, may not be sufficient to show present unfitness of a parent").

Additionally, the August 5, 2020 letter from the Department shows that allegations of abuse by Father against the children were reported less than one month before Destinee filed her SAPCR, which is at least some evidence of the "present circumstances" of the children. *See* TEX. FAM. CODE ANN. § 102.004(a)(1). While we recognize that the Department "ruled out" the reported allegations against Father, the Department's decision to do so does not preclude the trial court from considering the allegations. *See id.*; *see also Medrano*, 2013 WL 6921500, at *8 (explaining that mother could not assert CPS's inaction could have preclusive effect, but her arguments could attack the trial court's assessments of her son's credibility and weight to be given his testimony).

Therefore, viewing the evidence in the light most favorable to Destinee, we conclude that the evidence presented raised a jurisdictional fact question as to whether the order requested by Destinee is necessary because the children's present circumstances in Father's custody would significantly impair their physical health or

10

emotional development. *See* TEX. FAM. CODE ANN. § 102.004(a)(1). Thus, the trial court erred in dismissing Destinee's suit for lack of standing, and we sustain her first issue.[6]

### III.   CONCLUSION

We dismiss the appeal as to M.P.1 because M.P.1 is now over the age of eighteen. We reverse and remand the remainder of the trial court's judgment as it relates to M.P.2, D.P., and M.P.3.

NORA L. LONGORIA
Justice

Delivered and filed on the
19th day of May, 2022.

---

[6] We do not reach Destinee's second issue since it contemplates a hypothetical future hearing, and thus, is not yet ripe for review. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 853 (Tex. 2000) ("The ripeness doctrine prevents premature adjudication of hypothetical or contingent situations."); *Rea v. State*, 297 S.W.3d 379, 383 (Tex. App.—Austin 2009, no pet.) ("To establish that a claim is ripe based on an injury that is *likely* to occur, the plaintiff must demonstrate that the injury is imminent, direct, and immediate, and not merely remote, conjectural, or hypothetical. By focusing on the concreteness of injury, the ripeness doctrine allows a court to avoid premature adjudication as well as issuance of advisory opinions.") (internal citation omitted).